-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GREGORY SEAN MILES,

        Plaintiff,

                                    DECISION AND ORDER
-v-                                  10-CV-0978JJM

SGT. WALEWANDER (FIVE POINTS C.F.),
JOHN DOE, OFFICER (FIVE POINTS C.F.),

        Defendants.



---

      Plaintiff, Gregory Sean Miles, proceeding *pro se*, filed a complaint alleging, *inter alia*, that defendant "John Doe Officer," a Five Points Correctional Officer that plaintiff could not identify, ordered him to remove his leg brace prior to proceeding through a metal detector outside the mess hall on March 9, 2010, which resulted in plaintiff twisting and spraining his ankle. The Court granted plaintiff permission to proceed *in forma pauperis*, directed the Clerk of the Court to cause the United States Marshals Service to serve the summons and complaint against defendant Sgt. Walewander, who on a prior occasion ordered plaintiff to remove his leg brace prior to going through the same metal detector and, upon plaintiff's refusal to remove the leg brace, ordered plaintiff to submit to a strip search, and requested the New York State Attorney's General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75 (1997) (*per curiam*), to attempt to ascertain the identity of the John Doe defendant. (Docket No. 7, Decision and Order.)

      The Attorney General's Office has responded to the Court's Order and has advised the Court that, after a good faith and diligent effort to identify the John Doe Officer who directed plaintiff to remove his leg brace, it has been unable to identify said John Doe Officer. (Docket No. 8,

Declaration of Michael J. Russo, dated July 7, 2011.) The Court has reviewed the Declaration and finds that the Attorney General's Office has made a reasonable and good faith effort to identify the John Doe defendant in this action. Accordingly, plaintiff is granted permission to seek, through discovery after Walewander has answered, the name of the John Doe [Correctional Officer] who allegedly ordered plaintiff to remove the leg brace; plaintiff then may request leave of the Court to add the John Doe Officer as a defendant herein and request service on him by the U.S. Marshals Service.

Plaintiff has also filed a motion for the appointment of counsel and a "Motion:Rule 15(a) of the Federal Rules of Civil Procedure for the Requirements for Amended Complaints" ("Motion to Amend"). (Docket Nos. 9, 10.) The Motion to Amend lists a number of pages of the Exhibits attached to the complaint which plaintiff states "have [n]othing to do with this case at all." He requests that these pages be removed from the complaint. For the following reasons, plaintiff's motion for the appointment of counsel is denied without prejudice and the motion to amend is granted to the extent he requests that certain pages attached as exhibits to the complaint be "removed."

**Motion for Appointment of Counsel**

A more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's motion for the appointment of counsel is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

**Motion to Amend**

While it is the general procedure of this Court to require that all motions to amend a complaint be accompanied by a proposed amended complaint, Loc.R.Civ.P. 15(a), the Court finds that requiring plaintiff, who is appearing *pro se*, to do so at this time would be unnecessary and in contravention of the requirement that the courts afford special solicitude to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (citations omitted). Accordingly, plaintiff's Motion to Amend is granted to the extent that the pages of the Exhibits listed in the Motion to Amend shall be removed from the complaint. The Clerk of the Court is directed to take whatever steps necessary to detach from the complaint the pages of the Exhibits listed in the Motion to Amend.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: August 23, 2011
Rochester, New York