UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GREGORY SEAN MILES, 04-A-1587,                    **DECISION AND ORDER**

                                    Plaintiff,          10-CV-00978(M)

v.

SGT. WALAWENDER, and
C.O. KEVIN McADAM,

                                    Defendants.

_____

        In accordance with 28 U.S.C. §636(c), the parties have consented to jurisdiction

by a United States Magistrate Judge [46].[1]  Before me is defendants' motion for summary

judgement [81].  Oral argument was held on February 28, 2013  [94].  For the following reasons,

the motion is granted.


                                **BACKGROUND**

        Plaintiff, an inmate, commenced this action *pro se*, seeking relief under 42 U.S.C.

§1983, and has since been appointed counsel.  The background of this case is fully set forth in

my November 5, 2012 Decision and Order [78] denying defendants' Fed. R. Civ. P. ("Rule")

12(c) motion to dismiss.


                                **ANALYSIS**

A.      **Summary Judgment Standard**

        "Summary judgment is appropriate only if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits show that there is no genuine

---

[1]        Bracketed references are to the CM/ECF entries.

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant.  Summary judgment is improper if there is any evidence in the record that could reasonably support the jury's verdict for the non-moving party.'"  Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003).

While the moving party must demonstrate the absence of any genuine factual dispute, the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is *a genuine issue for trial*."  Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original).  "An issue is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . . The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff."  Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 (2d Cir. 2011) (*quoting* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)) (emphasis in original).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50.

**B.      Personal Involvement of Defendant Walawender**

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983."  Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  Relying on his attendance records from the New York State Department of Corrections and Community Supervision ("DOCCS") (Walawender Declaration [82-1], Ex. A), defendant Walawender argues that he lacks personal involvement since he was not present at Five Points on March 4 or 9, 2010.  Defendants' Memorandum of Law [81-2], Point I.  Plaintiff's opposing Memorandum of Law [88] does not respond to this argument, and "effectively concedes [these] arguments by his failure to respond to them".  Felske v.Hirschmann, 2012 WL 716632, *3 (S.D.N.Y. 2012).  *See* Smith v. Riccelli Brokerage Services, LLC, 2011 WL 2007209, *5  (W.D.N.Y. 2011) (Skretny, J.) ("Plaintiff does not respond to Defendants' argument in her memorandum of law, thus it appears she concedes there is no aider and abettor liability under Title VII").

In any event, even accepting plaintiff's testimony that Walawender was present for the March 4, 2010 encounter, it is undisputed that at that time plaintiff was *not* ordered to walk through the metal detector without his leg brace.  Plaintiff's Revised Opposing Statement of Undisputed Facts [91], ¶ Sixty-Second.  There is also no indication in the record that Walawender was present for the March 9, 2010 incident.  Recognizing this, plaintiff concedes that his claim against defendant Walawender arises only from his failure to make defendant McAdam aware of the March 4, 2010 encounter and meeting.  Defendants' Statement of Undisputed Material Facts [81-1], ¶29; Plaintiff's Revised Opposing Statement of Undisputed Material Facts [91], ¶Twenty-Ninth.  However, nothing in the record suggests that he had the

obligation or opportunity to do so.  Therefore, I conclude that defendant Walawender should be dismissed for lack of personal involvement.


C.      **Eighth Amendment Deliberate Indifference by Defendant McAdam**

"The [Eighth] Amendment . . .  imposes duties on . . .  officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates".  Farmer v. Brennan, 511 U.S. 825, 833 (1994).  "[U]nder 42 U.S.C. §1983, prison officials are liable for harm incurred by an inmate if the officials acted with 'deliberate indifference' to the safety of the inmate".  Hayes v. New York City Department of Corrections, 84 F.3d 614, 620 (2d Cir. 1996).  "An Eighth Amendment claim may also be asserted where prison officials deliberately disregard the unique needs of a disabled inmate." Carlson v. Parry, 2012 WL 1067866, *7 (W.D.N.Y. 2012) (Payson, M.J.).

"The test for deliberate indifference is twofold.  First, the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent . . . . The second prong of the deliberate indifference test, culpable intent, in turn, involves a two-tier inquiry.  Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." Hayes, 84 F.3d at 620-621.  "[T]he subjective element of deliberate indifference 'entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with

knowledge that harm will result'". <u>Hathaway v. Coughlin</u>, 99 F.3d 550, 553 (2d Cir. 1996)

(*quoting* <u>Farmer</u>, 511 U.S. at 835).  In order to prevail, plaintiff "is not required to show that

[defendant] acted 'with the very purpose of causing harm,' . . .  but must demonstrate that

[defendant] knew of and disregarded an excessive risk to his health and safety".  <u>Carbonell v.</u>

<u>Goord</u>, 2000 WL 760751, *8 (S.D.N.Y. 2000).

        Defendants argue that plaintiff fails to satisfy either the objective or the subjective

prongs:

> "Objectively, the challenged deprivation of walking a few steps
> through a metal detector coupled with the lack of significant injury
> fails to state a claim of constitutional significance.   Subjectively, the
> undisputed facts show that Defendants lacked knowledge or awareness
> of a substantial risk of serious harm to Plaintiff's health or safety."
> Defendants' Memorandum of Law [81-2], p. 4.

        Even assuming that plaintiff has raised a triable issue of fact concerning the

objective prong, plaintiff has not raised a triable issue of fact indicating that defendant McAdam

knew that he was placing plaintiff at substantial risk of serious harm by making him walk

through the metal detector without his leg brace.  Whereas plaintiff's allegation that he showed

McAdam "all medical permits that state I wear a . . . leg brace and cannot walk without [it]"

(Complaint [1], p. 5 of 66), was accepted as true for purposes of defendants' Rule 12 dismissal

motion, at this stage, he must come forth with admissible evidence supporting his claim.  The

undisputed evidence now establishes that the medical permit (dated September 15, 2009 or

February 25, 2010) plaintiff presented to McAdam indicated *only* that he was prescribed a leg

brace.  Plaintiff's deposition transcript [86-1], p. 62; McAdam Declaration [83], Exs. A and B.  It

did *not* identify plaintiff's medical issue, indicate that he was unable to walk without his leg

brace, indicate that he was required to wear the brace at all times, or indicate that he was permitted to bypass metal detectors.  Id.

Plaintiff's reliance on the March 4, 2010 encounter to establish that McAdam had knowledge that he was medically required to wear his leg brace at all times is also misplaced. Even if plaintiff was permitted to bypass the metal detector on March 4, 2010, as he alleges, there is no admissible evidence supporting that McAdam was present during this encounter.[2]

There is also no evidence that Five Points' medical staff made McAdam aware of plaintiff's inability to walk without his leg brace or need to wear it at all times.  Plaintiff testified that Walawender and Nurse Slack had a meeting following the March 4, 2010 incident during which Nurse Slack informed Walawender that plaintiff was unable to walk without a leg brace. Plaintiff's deposition transcript [86-1], pp. 26-27.  However, plaintiff concedes that McAdam was not present for this meeting.  Defendants' Statement of Undisputed Material Facts [81-1], ¶26; Plaintiff's Revised Opposing Statement of Undisputed Material Facts [91], ¶Twenty-Sixth. While plaintiff also testified that Nurse Solotti "had already informed security" that he could not walk without the leg brace, he conceded that he was not present for these discussions (plaintiff's deposition transcript [86-1], p. 26) and has not offered any admissible evidence that this occurred.

_____

[2]      Notwithstanding that plaintiff's Revised Opposing Statement of Undisputed Material Facts [91] alleges that McAdam was present during that encounter (id., ¶Fifty-Sixth), this allegation is not supported by the portions of plaintiff's deposition transcript ([86-1], pp. 35, 55) he relies upon.  He also cites to certain attachments to the Complaint ([1], pp. 14-18, 24, 28, 35, 36, 39, 43, 59, 60, 63, 64) in support of this allegation, none of which constitute admissible evidence.  Plaintiff's Revised Opposing Statement of Undisputed Material Facts [91], p. 8 n. 6.

The only admissible evidence plaintiff offers that McAdam was made aware of his restrictions is his own testimony that he advised McAdam that he could not walk without the leg brace. Plaintiff's deposition transcript [86-1], p. 24.  However, even accepting that this occurred, it is undisputed that Five Points had a policy prohibiting inmates from bypassing metal detectors without presenting a medical permit specifically allowing them to do so, and that McAdam lacked authority to waive this requirement absent a direct order from a superior. Defendants' Statement of Undisputed Material Facts [81-1], ¶¶15, 16, 18.[3]  Any allegation by plaintiff that McAdam knew of his medical restrictions is also difficult to reconcile with the fact that he  faults Walawender for failing to make McAdam aware of the March 4, 2010 incident and meeting.  Defendants' Statement of Undisputed Material Facts [81-1], ¶29; Plaintiff's Revised Opposing Statement of Undisputed Material Facts [91], ¶Twenty-Ninth.

Even if McAdam lacked direct knowledge that  plaintiff was unable to walk without the leg brace and was medically required to wear it at all times, he "may nevertheless be held liable under the Eighth Amendment if the risk was obvious and a reasonable prison official would have noticed it." Farmer, 511 U.S. at 842.  However, knowing only that plaintiff wore a leg brace, the risk presented by having plaintiff remove the brace and travel a short distance through a medical detector was not objectively manifest. Compare with Carbonell v. Goord,

---

[3]     In response to these portions of defendants' Statement of Undisputed Material Facts [81-1], plaintiff "DENIES having knowledge or information sufficient to form a belief as to the allegations contained". Plaintiff's Revised Opposing Statement of Undisputed Material Facts [91], ¶¶Fifteenth, Sixteenth, and Eighteenth.  However, "[a] nonmovant cannot raise a material issue of fact by denying statements which the moving party contends are undisputed for lack of knowledge and information in part because discovery allows the party opposing summary judgment to obtain the facts necessary to determine whether it must admit or deny them." Cooper v. City of New Rochelle, __ F.Supp.2d __, 2013 WL 684747, *7 (S.D.N.Y. 2013). See Ezagui v. City of New York, 726 F.Supp.2d 275, 285 n. 8 (S.D.N.Y. 2010) (citing cases).

2000 WL 760751, *8  (S.D.N.Y.  2000) ("Carbonell's account, if credited, is sufficient to give rise to the inference that C.O. Simon was aware that he was placing Carbonell in serious danger by making him walk down steep stairs while on crutches, but proceeded anyway"); Carlson, 2012 WL 1067866 at *8  (where the  plaintiff, an amputee,  advised the defendant about his physical limitations and medical condition, "an issue of fact exists whether [the defendant] knew, and unreasonably disregarded the risk, that an assignment involving walking nearly a mile daily and performing manual labor would pose a substantial risk to Carlson's safety and health as an amputee").  At most, McAdam's conduct may have been negligent, but it did not rise to the level of deliberate indifference.[4]  Therefore, I conclude that plaintiff's deliberate indifference claim be dismissed.

## CONCLUSION

For these reasons, defendants' motion for summary judgment [81] is granted and the Clerk of the Court is directed to close this case.

**SO ORDERED**

Dated: May 7, 2013

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[4]      Since I have concluded that McAdam was not deliberately indifferent, I have not addressed defendants' qualified immunity arguments.  Defendants' Memorandum of Law [70-1], p. 10.